BEFORE THE SECOND DIVISION, APRIL 29, 1953

**No. 57281.**—Air Express International Agency *v.* United States, protest 181692–K (San Francisco).

FORD, Judge:    The merchandise covered by the suit listed above was classified by the collector as embroidered articles, and duty was levied thereon at the rate of 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.    Plaintiff claims the merchandise to be properly dutiable at 30 percent ad valorem under paragraph 923 of the said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739, of the kind made dutiable therein at that rate.    Thereafter, on August 31, 1951, the application of the reduced rates of duty on merchandise imported from China were suspended (86 Treas. Dec. 300, T. D. 52788).    This suspension of rates as to merchandise imported from China changes the rate of duty from 30 percent ad valorem to 40 percent ad valorem under the Tariff Act of 1930.

At the trial of the case, a sample of the merchandise was admitted in evidence and marked illustrative exhibit 1, and counsel for the defendant admitted that these samples were the same as the involved merchandise, although out of a different shipment.

The examiner of merchandise at San Francisco testified for the plaintiff that the involved merchandise was petit point; that for the many years he had handled this type of merchandise "* * * it has always been classified—there are many decisions on it—that it is not embroidery under any circumstances, because embroidery is needlepoint after the article is completed, or the fabric; and this isn't; and it is component material of chief value.    But from experience, the cotton canvas is of more value than this small amount of wool."

The witness testified further that he would classify this merchandise "As manufactures of cotton, n. s. p. f.    This particular illustrative exhibit I would classify as manufactures of cotton, n. s. p. f."

The testimony, considered in connection with an examination of the sample, illustrative exhibit 1, shows that the involved merchandise consists of petit-point tapestry, which is produced by stitching a design, figure, or form upon a canvas base, and that this canvas base is composed in chief value of cotton.    In *United States* v. *Field & Co.*, 10 Ct. Cust. Appls. 183, T. D. 38550, the Court of Customs Appeals said:

We think a distinction should be made between an article or fabric entirely finished, so far as its ultimate uses are concerned, like wearing apparel, handkerchiefs, tablecloths, or other fabrics or articles which are ready for use and capable of performing the function for which they were made, whether embroidered or not, and the tapestry canvas which is the basic canvas in this case. This foundation canvas is but one of the materials used in producing the finished article, and with it are imported the woolen yarns of quantity and color required to complete the article itself. It is not usable, and is not used in its original condition, for any of the purposes to which it will be appropriated when it is completed by the addition of needlework, and for those purposes it is not a finished article until the needlework has been applied thereto. In other words, it is but material with which other materials are combined to produce a finished product. It is clearly set apart and appropriated to use as material; and the stitching that is applied thereto is for the purpose of producing, and does produce, a finished article which, in the common understanding, is tapestry, and in fact serves the function of so-called true tapestry.

It is not contended—indeed, the contrary view is tacitly adopted by the Government—that true tapestry would be dutiable under paragraph 358. Moreover, the language of that paragraph seems to indicate that the ornamental process of embroidery therein provided for is to be applied to an article or fabric ready for use, and not to one regarded as material only for the production of something altogether different from the article or fabric itself.

In view of the foregoing, we hold the merchandise covered by this suit which was assessed with duty at 90 percent ad valorem under paragraph 1529 (a) of the Tariff Act of 1930 to be properly dutiable at 40 percent ad valorem under paragraph 923 of said act, as alleged by the plaintiff.

To the extent indicated the specified claim in this suit is sustained; in all other respects and as to all other merchandise all the claims are overruled. Judgment will be rendered accordingly.